IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON HARRIS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 2:21-cv-02230-SHL-atc |
| WARDEN DOUGLAS WILLIAMS, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition," ECF No. 1) filed by Petitioner Brandon Harris[1] and the Warden's Answer to the Petition for a Writ of Habeas Corpus ("Response," ECF No. 7). The Court **DENIES** the § 2254 Petition because: (1) the claims in the § 2254 Petition are procedurally defaulted; and (2) the § 2254 Petition is time-barred.

I.   **BACKGROUND**

On September 5, 2015, Petitioner was arrested by the Memphis Police Department and charged with possession of marijuana and unlawful possession of a weapon. (ECF No. 1-1 at PageID 11.) On November 19, 2015, a federal grand jury returned an indictment charging

---

[1] Harris is also known as Brandon Edwards and was indicted on federal charges in this Court as Brandon Edwards. (*See* ECF No. 1-1 at PageID 11; *see United States v. Brandon Edwards*, Cr. No. 15-20274, ECF No. 1.) Harris is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. His Tennessee Department of Correction prisoner number is 390030.

Petitioner with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), based on his September 5, 2015 arrest.  (*United States v. Edwards*, 15-20274 ("Cr."), ECF No. 1.)

In January 2017, the District Attorney General in Shelby County filed a criminal information charging Petitioner with being a convicted felon in possession of a firearm under Tenn. Code Ann. § 39-17-1307.  (ECF No. 6-1 at PageID 35, 37.)  On April 3, 2017, in Shelby County Criminal Court, Petitioner waived the indictment and presentment on the charge.  (*Id.* at PageID 28.)  That same day, Petitioner pled guilty to the charge, was sentenced to fifteen years as a career offender, and the trial court entered the judgment.  (*Id.* at PageID 35.)

On April 5, 2017, the federal indictment was dismissed pursuant to an agreement between the parties.  (Cr. ECF Nos. 78 & 80.)  Petitioner asserts that he entered plea negotiations with the Assistant United States Attorney to dismiss the federal charge in exchange for Petitioner entering a guilty plea to the state gun charge for a fifteen-year sentence.  (*See* ECF No. 1-1 at PageID 12; *see also* ECF No. 6-1 at PageID 31.)

Petitioner did not appeal the state court conviction or file a post-conviction petition challenging his conviction or sentence in the state court.  (*See* ECF No. 1 at PageID 1–3.)

II.     § 2254 PETITION

The § 2254 Petition was signed and dated on April 7, 2021.  (ECF No. 1 at PageID 6–7.)  The memorandum states that the § 2254 Petition and supporting memorandum were deposited with the prison post office with prepaid postage for mailing on April 7, 2021.  (ECF No. 1-1 at PageID 17.)  On April 12, 2021, the § 2254 Petition and supporting memorandum were filed.  (ECF No. 1.)

Petitioner asserts one ground for relief: his sentence was imposed unlawfully because he entered into a faulty plea agreement. (ECF No. 1 at PageID 4; ECF No. 1-1 at PageID 9, 14.) He argues that the state court had no jurisdiction or authority to accept a federal case and sentence him to fifteen years under Tenn. Code Ann. § 39-17-1307 and that the sentence was illegal and "exceeded the minimum penalty that he may have received had he been prosecuted and sentenced under state law." (*Id.*)[2]

On April 30, 2021, the Court directed the Warden to respond to the § 2254 Petition and file the state court record. (ECF No. 5.) On May 14, 2021, the Warden filed the state court record, and, on May 17, 2021, filed a response to the § 2254 Petition. (ECF Nos. 6, 7.) Petitioner did not file a reply.

## III. ANALYSIS

The Warden argues that the § 2254 Petition is time-barred, procedurally defaulted, and without merit and should be dismissed with prejudice. (ECF No. 7 at PageID 39, 44–50.)

### A. § 2254 Petition is Not Timely

Petitioner contends that he was not aware of the one-year statute of limitations or that his prison sentence violated his federal constitutional rights. (ECF No. 1-1 at PageID 15.) In his Petition, Harris acknowledges that there is a one-year statute of limitations, and he did not file his petition within that period. (*Id.*) However, he asks that his late filing be excused to prevent a miscarriage of justice.[3]

---

[2] Petitioner's conviction is based on a state gun charge, not the federal charge that was dismissed. Under the doctrine of dual sovereignty, petitioner can be prosecuted by both the state and federal governments. *See United States v. Holmes*, 111 F.3d 463, 467 (6th Cir. 1997).

[3] Petitioner does not state when he learned about the statute of limitations.

3

The Parties agree that Harris filed the Petition after the statute of limitations had expired. However, "[t]he doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2244(d)(1) limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784.

"The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition." *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012).

Petitioner does not argue that he was diligent or that extraordinary circumstances prevented the timely filing of the § 2254 Petition. He asserts that he was not aware of the one-year statute of limitations. (*See* ECF No. 1-1 at PageID 15.) However, ignorance of the law does not toll the limitations period. *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Harrison v. I.M.S.*, 56 F. App'x 682, 685-86 (6th Cir. 2003) (declining to apply equitable tolling where the prisoner was ignorant of the filing deadline because, through his other contacts with the court, he "learned that his other documents he filed with the court had corresponding filing deadlines" and, therefore, he "knew or should have known that his application for a writ of habeas corpus also had a filing deadline"); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of

4

knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period").

Petitioner also seeks equitable tolling to prevent a miscarriage of justice. (ECF No. 1-1 at PageID 15.) The habeas statute of limitations is subject to a miscarriage of justice equitable exception in cases where the petitioner can credibly demonstrate actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To bring a valid claim of actual innocence a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id*. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *see Hubbard v. Rewerts*, 98 F.4th 736, 742–43 (6th Cir. 2024).

Petitioner has not produced any new reliable evidence to support a claim of actual innocence. *See Schlup*, 513 U.S. at 325. Because actual innocence does not excuse the untimeliness of this § 2254 Petition, he is not entitled to equitable tolling and his Petition is time-barred.

### B. Procedural Default

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts pursuant to 28 U.S.C. §§ 2254(b) and (c). *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The petitioner must "fairly present" each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

5

To fairly present a federal claim, a prisoner must present the same facts and legal theory to the state courts as is raised in his federal habeas petition. *See Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Picard v. Connor*, 404 U.S. 270, 276–77 (1971); *Hodges v. Colson*, 727 F.3d 517, 529 (6th Cir. 2013) ("The exhaustion doctrine requires the petitioner to present the same claim under the same theory to the state courts before raising it on federal habeas review.") (internal quotation marks and alteration omitted). If a claim has never been presented to the state courts but a state court remedy is no longer available (*e.g.,* when an applicable statute of limitations bars a claim), the claim is technically exhausted, but procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).

To avoid procedural default, a habeas petitioner in Tennessee must present his federal claims to the Tennessee Court of Criminal Appeals. *Covington v. Mills*, 110 F. App'x 663, 665 (6th Cir. 2004). Federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner did not file an appeal or a post-conviction petition with the Tennessee Court of Criminal Appeals, and he is now barred from doing so because of Tennessee's one-year statute of limitations. (ECF No. 1-1 at PageID 15); see Tenn. Code Ann. §§ 40-30-102(a). Petitioner does not argue cause for the default, and simply states, without support, that failure to review his claim will result in a miscarriage of justice. (ECF No. 1-1 at PageID 15.) As discussed above, Petitioner has failed to demonstrate that the Court's failure to review his claim on the merits will result in a miscarriage of justice. For these reasons, the sole ground for relief in the § 2254 Petition is unexhausted and barred by procedural default.

Because the § 2254 Petition is procedurally defaulted and time-barred, the § 2254 Petition is **DISMISSED** with prejudice.[4] Judgment shall be entered for Respondent.

## IV.   APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, § 2254 Rules. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

---

[4] Because the Petition is procedurally barred, the Court need not address the merits of Petitioner's habeas claim.

In this case, there can be no question that the § 2254 Petition is time barred, and the sole ground for relief is procedurally defaulted; therefore the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[5]

**IT IS SO ORDERED**, this 21st day of August, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).